**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WARREN CHASE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. CCB-06-286 |
| WARDEN | : | |
| Defendant | : | |

o0o

**MEMORANDUM**

The above-captioned petition for writ of mandamus, filed February 1, 2006, seeks an order from this court requiring the Maryland Division of Correction to transport plaintiff to this court to review files pertaining to all cases filed by him within the past ten years.  Paper No. 1.  Plaintiff also seeks access to the files in a secure room where he will be alone so that he can take notes.  *Id*.  The stated purpose for reviewing the files is that it is necessary for pending appeals.  *Id*.

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .   It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).   Under this standard, the instant petition must be dismissed.

This Court does not have jurisdiction over State employees in an action for writ of mandamus.  *see Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361.  A writ of mandamus is an extraordinary writ that is only

available in cases where no other means by which the relief sought could be granted. *see In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). The relief sought in the instant case, to require Division of Correction employees to transport plaintiff to the federal court house in order to review court files, is not the only means by which plaintiff may access the information he wishes to review. To the extent that plaintiff may articulate a particularized need[1] for specific documents contained in those files, he may file a motion for copy work at the government's expense in each of the cases he wishes to review. Copies of court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). An indigent is not, however, entitled to copies merely to comb the record in the hope of discovering some error. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Given the availability of an alternative means to obtain the relief sought, the petition for writ of mandamus will be denied.

A separate order follows.


<u>March 8, 2006</u>                              _____/s/_____
Date                                                    Catherine C. Blake
                                                        United States District Judge

---

[1] The court files plaintiff seeks to review are Civil Action Nos.: CCB-96-1287 (dismissed on summary judgment on August 27, 2004); CCB-04-2729 (dismissed on April 27, 2005); CCB-04-2808 (dismissed on summary judgment on December 6, 2004; judgment affirmed on May 13, 2005); CCB-05-2985 (still pending); and CCB-05-3343(consolidated with 05-2985). There is no indication that an appeal is pending in any of these cases, nor would a notice of appeal be timely in the cases that are closed. Any notice of appeal filed in plaintiff's currently pending case would be prematurely filed.